# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW L. PEPPER | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:08CV344-HSO-JMR |
| | § | |
| HOMESALES, INC., and | § | |
| JPMORGAN CHASE BANK | § | DEFENDANTS |
| | § | |
| JPMORGAN CHASE BANK | § | COUNTER-CLAIMANT |
| | § | |
| v. | § | |
| | § | |
| MATTHEW L. PEPPER | § | COUNTER-DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT JPMORGAN CHASE BANK'S MOTIONS FOR DEFAULT JUDGMENT AND TO STRIKE, AND GRANTING PLAINTIFF'S MOTION TO ACCEPT ANSWER TO COUNTERCLAIM

BEFORE THE COURT are the Motion for Summary Judgment [9-1] of Defendants JP Morgan Chase Bank ["Chase"] and Homesales, Inc. ["Homesales"] [collectively, "Defendants"], the Motions for Default Judgment [13-1] and to Strike [15-1] of Defendant Chase, and the Motion to Accept Answer to Counterclaim [18-1] of Plaintiff Matthew L. Pepper ["Plaintiff"]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion for Summary Judgment [9-1] should be granted, that Chase's Motion for Default Judgment [13-1] and Motion to Strike [15-1] should be denied, and that Plaintiff's Motion to Accept Answer to Counterclaim [18-1] should be granted.

# I. FACTS AND PROCEDURAL HISTORY

This action involves a dispute over real property located in Ocean Springs, Mississippi [the "Property"]. *See* Compl, at p. 2. Prior to Hurricane Katrina, Plaintiff was the owner of the Property. *See id.* Plaintiff entered into a mortgage with Union Planters Bank, N.A. d/b/a Union Planters Mortgage ["Union Planters"] on December 31, 2002. He executed a Deed of Trust that granted Union Planters a security interest in the Property. *See* Union Planters Deed of Trust, attached as Exhibit "A" to Defs.' Mot. for Summ. J. The 30-year fixed rate note was in the principal amount of $322,000.00. *See id.* Regions Bank, N.A., is a successor to Union Planters by virtue of a merger. *See* Compl., at p. 2.

On November 2, 2004, Plaintiff entered into a home equity line of credit agreement (the "HELOC") with Bank One, N.A. ["Bank One"], in the principal amount of $113,000.00. *See* HELOC Agreement, attached as Exhibit "B" to Defs.' Mot. for Summ. J. He signed a Deed of Trust that granted Bank One a second-lien security interest in the Property. *See* Bank One Deed of Trust, attached as Exhibit "C" to Defs.' Mot. for Summ. J. Chase is a successor to Bank One by virtue of a merger. *See* Compl., at p. 3; Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J., at p. 2.

Chase foreclosed on the second mortgage on June 28, 2007. *See id.* at p. 3. Homesales purchased the Property at the foreclosure sale for $110,251.10. *See id.* Chase then paid off the balance of Plaintiff's first mortgage with Regions, and Regions canceled and discharged its Deed of Trust. *See* Mot. for Summ. J., at p. 2. Plaintiff continued to possess the Property for some amount of time after the

foreclosure sale. *See* Compl., at p. 3. Plaintiff alleges that he continued making repairs to maintain the property post-Katrina, through the filing of this lawsuit. *See* Compl., at p. 3. In the meantime, Homesales filed a complaint against Plaintiff in the Justice Court of Jackson County, Mississippi, seeking a judgment for possession of the Property and for damages. *See* Mot. for Summ. J., at p. 2. Homesales later voluntarily dismissed the lawsuit and filed a similar one in the County Court of Jackson County, Mississippi. *See id.* Plaintiff subsequently vacated the Property, and Homesales has taken possession. *See id.*

Plaintiff filed two lien notices encumbering the Property on December 17, 2007, pursuant to section 85-7-131 of the Mississippi Code. *See* Notices of Liens, attached as Ex. "H" to Defs.' Mot. for Summ. J. Plaintiff filed the first lien, in the amount of $45,000.00, in his capacity as president of Superior Limo, Inc. *See id.* He filed the second lien of $45,000.00 on behalf of himself, individually. *See id.*

Plaintiff then filed his present Complaint in the Chancery Court of Jackson County, Mississippi, on July 22, 2008. *See* Compl., at p. 1. Defendants removed the case to this Court on August 5, 2008. *See* Notice of Removal, at p. 1. Chase filed an Amended Answer [5-1] on August 27, 2008, which included a Counterclaim against Plaintiff for $48,775.24, plus pre-judgment interest, costs, and attorneys' fees. *See* Answer, at p. 10. Defendants filed the present Motion for Summary Judgment [9-1] on September 26, 2008, seeking dismissal of Plaintiff's claims against them. *See* Defs.' Mot. for Summ. J., at p. 7. Plaintiff also did not timely respond to the Counterclaim, and upon Motion [11-1] by Chase, the Clerk entered Default [12-1] on

September 30, 2008, on Chase's Counterclaim. Chase then filed a Motion for Default Judgment [13-1] on October 1, 2008. Subsequently, Plaintiff filed an Answer [14-1] on October 8, 2008, and Chase responded with a Motion to Strike [15-1] this Answer on October 17, 2008. Plaintiff then filed his Motion to Accept Answer to Counterclaim [18-1] on October 20, 2008.

## II. DISCUSSION

A.  Defendants' Motion for Summary Judgment

  1.  Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *Id.* (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)).

Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson*, 477 U.S. at 249. The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Gaddis v. Smith & Nephew, Inc.*, 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

    2.    <u>Analysis</u>

        a.    <u>Plaintiff's Request for Discovery</u>

Plaintiff contends that summary judgment is only properly considered after adequate time for discovery. *See* Mem. in Opp'n to Defs.' Mot. for Summ. J., at p. 6 (*citing Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)). Plaintiff states that "[d]efendants are seeking summary judgment before any discovery at all has been done and was filed [sic] prior to them making any voluntary disclosures," and he

argues that "granting summary judgment before any discovery has been done is reversible error and clearly inappropriate." *Id.*

As Defendants note, "Rule 56 does not generally require any discovery prior to a grant of summary judgment, and thus, if the party cannot adequately defend such a motion without further discovery, Rule 56(f) is a proper remedy." Defs.' Rebuttal in Supp. of Mot. for Summ. J., at pp. 2-3 (*quoting Jamison v. United States*, 2008 WL 4372748, *3 (N.D. Miss. Sept. 19, 2008)). Rule 56(f) reads as follows:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Fed. R. Civ. P. 56(f).

"A non-movant seeking relief under Rule 56(f) must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *Adams v. Travelers Indemnity Company of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006); *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994). Plaintiff did file an affidavit in support of his Response, but it mentions nothing regarding any need for discovery. *See* Aff. of Matthew L. Pepper, attached as Ex. "E" to Pl.'s Resp. to Mot. for Summ. J. In his Response, Plaintiff claims that, through discovery, he

"will demonstrate that there are genuine issues of material fact which when proven will show that Defendants have acted inappropriately all along." Resp. to Mot. for Summ. J., at p. 6. This broad and general statement is insufficient to meet the Rule 56(f) standard. *See Adams*, 465 F.3d at 164 (holding that "[a] party cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts")(internal quotation marks and citations omitted); *see also Hill v. Tahmakera*, 38 F.3d 568, 1994 WL 574175, *1 (5th Cir. 1994) ("The party seeking a continuance must show how additional discovery will create genuine dispute as to a material fact and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts."). Plaintiff has not made the requisite showing to comply with Rule 56(f). The Court is of the opinion that staying the case and allowing additional discovery would not be justified.

      b.     <u>Merits of Plaintiff's Claims</u>

Plaintiff's Complaint appears to seek a temporary restraining order and injunction enjoining Chase from marketing and selling the Property, enforcement of the construction liens filed by him, punitive damages, a declaration that Plaintiff is the true owner of the Property, an order to quiet title, and damages for unjust enrichment, perjury, loss of income, and mental anguish. Defendants seek summary judgment on all of Plaintiff's claims.

Plaintiff alleges that Chase never offered him new terms on his HELOC following Hurricane Katrina, that Homesales was a wholly owned subsidiary of

Chase when it purchased the Property at the foreclosure sale, that Homesales filed an allegedly false and perjurious petition for eviction against Plaintiff, that Defendants had no legal right to pay off his first mortgage from Regions, and that Plaintiff was forced to move with his family to Houston, Texas, as a result of Defendants' alleged unlawful and tortious actions. *See* Compl., at pp. 3-5. Defendants counter that Homesales was the lawful owner of the Property, which was subject to Regions' superior lien. They contend that Homesales' counsel's erroneous statement or typographical error regarding the foreclosure sale date did not change the fact that the foreclosure sale had already occurred, and that Plaintiff could no longer claim a right to possess or occupy the Property after the foreclosure. Defendants argue that there is no private right of action for perjury under Mississippi law, that Defendants had a right to pay off Regions' superior lien, that neither construction lien filed by Plaintiff is valid or enforceable, that Plaintiff's claim for unjust enrichment fails as a matter of law, and that Plaintiff's claim for mental anguish is unfounded. *See* Mot. for Summ. J., at pp. 3-6. The Court will address each of Plaintiff's claims in turn.

1. New HELOC Terms Post-Katrina

Plaintiff complains that Chase did not offer him new terms on the HELOC after Hurricane Katrina. Plaintiff has pointed the Court to no evidence or authority which required Chase to do so. Nor is there any indication in the record that Plaintiff attempted to enjoin the foreclosure.

## 2. Homesales' Relationship to Chase

Plaintiff alleges that Homesales was a wholly owned subsidiary of Chase when it purchased the Property at the foreclosure sale, which he argues was improper under Mississippi law. *See* Pl.'s Resp. to Mot. for Summ. J., at pp. 6-7 (*citing* Miss. Code § 11-5-101). Section 11-5-101 of the Mississippi Code states that "[i]n no instance shall the person who makes the sale become, either directly or indirectly, the purchaser at a sale made by him." Miss. Code § 11-5-101. However, the substitute trustee, Priority Trustee Services of Mississippi, conducted the sale in this case, not Chase or Homesales. *See* Defs.' Rebuttal in Supp. of Mot. for Summ. J., at p. 5.

Defendants point out that pursuant to section 89-1-63 of the Mississippi Code, "it is perfectly legal for the mortgagee (or corporate affiliate thereof) to purchase property at a foreclosure sale." Defs.' Rebuttal in Supp. of Mot. for Summ. J., at p. 4 (*citing* Miss. Code § 89-1-63). This statute reads, in relevant part, as follows:

> Notwithstanding the form of conveyance, any deed of trust or mortgage which has been made or shall hereafter be made may confer on the trustee or mortgagee and their successors, assignees and agents the power of sale. Furthermore, any person may be appointed and may perform the duties of the trustee in a deed of trust, and such person shall not be disqualified nor shall the acts of such person be invalid because of the relationship of such person to any other party to the deed of trust. The beneficiary of a deed of trust or *the mortgagee of a mortgage may purchase at any sale which has been made or shall hereafter be made under a power of sale, and any such sale shall not be invalid because of the relationship of such person to any other party to the deed of trust.*

Miss. Code § 89-1-63(2) (emphasis added).

-9-

Defendants concede that Chase and Homesales are corporate affiliates. However, there is apparently no legal prohibition against Homesales, as a corporate affiliate of the mortgagee, purchasing the Property at a foreclosure sale. *See id.*; *see also* Jackson and Miller, Encyclopedia of Mississippi Law (Mississippi Practice Series), Volume 6, at § 51:24 (2001) (stating that "[t]he mortgagee may purchase the property at the sale, but the trustee may not directly or indirectly purchase the property") (*citing* Miss. Code § 89-1-63; Miss. Code § 11-5-101; *Lee v. Lee*, 109 So. 2d 870 (1959)). Plaintiff has not directed the Court to any legal authority clearly indicating that Homesales' purchase of the property was prohibited. Because there is also no dispute of material fact as to this issue, summary judgment on this claim is appropriate.

### 3. Ownership of the Property

Defendant has presented uncontroverted evidence that Plaintiff defaulted on the HELOC, that Chase foreclosed on the Property pursuant to the terms of the Deed of Trust and pursuant to section 89-1-55 of the Mississippi Code, that Homesales legally purchased the Property at the foreclosure sale, and that Chase paid the balance of the first mortgage with Regions. Regions then cancelled and discharged its Deed of Trust. The lawful foreclosure sale on June 28, 2007, extinguished any rights Plaintiff had in the Property. *See Peoples Bank and Trust Co. and Bank of Mississippi v. L & T Developers, Inc.*, 434 So. 2d 699, 708 (Miss. 1983) (reiterating the maxim that a foreclosure "cuts off the [mortgagor's] equity of redemption and any other rights in and to the property").

As the purchaser at the foreclosure sale, Homesales became the owner of the Property subject to Regions' superior lien. *See Moore v. Marathon Asset Management, LLC*, 973 So. 2d 1017, 1022 (Miss. Ct. App. 2008) (stating that a purchaser at a foreclosure sale takes title to the property and steps into the shoes of the mortgagee); *Hartman v. McInnis*, 996 So. 2d 704, (Miss. 2007) (stating that "[a]bsent special circumstances, a foreclosure sale by the trustee in a junior deed of trust is made subject to prior liens on the property, and the trustee can sell and convey no better title than he acquired. Title vests in the purchaser subject to the prior lien.") (*quoting Reese v. Ivey,* 324 So. 2d 756, 757 (Miss. 1976)). Plaintiff has not challenged the validity of the deed of trust or the actual foreclosure sale. Nor has Plaintiff, other than his contention about Homesales' relationship to Chase, alleged that the sale did not meet the requirements of Mississippi law. Defendants have demonstrated that there is no remaining question of material fact and that they are entitled to judgment as a matter of law on the issues of Plaintiff's request to enjoin Chase from marketing and selling the Property, to declare that Plaintiff is the true owner of the Property, and to quiet title. Plaintiff has not presented sufficient probative evidence to rebut these showings, and summary judgment on these claims is appropriate.

4. Plaintiffs' Construction Liens

Plaintiff filed his construction liens pursuant section 85-7-131 of the Mississippi Code. Section 85-7-131 provides generally that "those performing construction and repair services shall have a lien on the property on which the

-11-

structure in question is located." *Brown v. Gravlee Lumber Co., Inc.*, 341 So. 2d 907, 908 (Miss. 1977). As Defendants point out, neither Plaintiff nor Superior Limo is an architect, engineer, surveyor, laborer, materialman or contractor as contemplated by section 85-7-131. Also, section 85-7-135 provides that a section 85-7-131 lien shall "only arise where the work is contracted for by the owner or by a person 'authorized, either expressly or impliedly, by the owner.'" *Brown*, 341 So. 2d at 908. Plaintiff's asserted expenses for repairs to and maintenance on the Property were allegedly incurred after Chase had foreclosed on the Property, and thus, after Homesales had purchased the Property. Homesales states that it never entered into any contract for, or expressly or impliedly authorized, the performance of these repairs or maintenance. *See* Mem. in Supp. of Mot. for Summ. J., at p. 12. Plaintiff has not offered any competent summary judgment evidence that he made the repairs with Homesales' authorization or knowledge. Accordingly, the Court must agree that the subject liens are invalid pursuant to section 85-7-135 of the Mississippi Code.

### 5. Allegedly Perjurious Statements

Defendants maintain that there is no private right of action for perjury under Mississippi law. The Court concurs. *See, e.g., Knotts by Knotts v. Hassell*, 659 So. 2d 886, 889-90 (Miss. 1995) (holding that "no civil action may be based upon perjured testimony"). The Court is also of the opinion that defense counsel's error as to recording the exact date of the foreclosure sale is of no moment as a matter of law, and does not change the outcome here.

### 6. Unjust Enrichment Claim

The Mississippi Supreme Court has stated that "[t]o collect under an unjust enrichment or quasi-contract theory, the claimant must show '*there is no legal contract* but . . . the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain, but should deliver to another.'" *Ellis v. Anderson Tully Co.*, 727 So. 2d 716, 719 (Miss. 1998) (*quoting Hans v. Hans*, 482 So. 2d 1117, 1122 (Miss. 1986)) (emphasis added). Accordingly, when a party's actions are governed by contract, damages based on claims of unjust enrichment are not an appropriate remedy. *See Johnston v. Palmer*, 963 So. 2d 586, 596-97 (Miss. Ct. App. 2007). Plaintiff cannot recover under an unjust enrichment theory because Chase's right to foreclose on the Property was governed by a written contract, the Deed of Trust. *See* Bank One Deed of Trust, attached as Exhibit "C" to Defs.' Mot. for Summ. J. As a matter of law, summary judgment is appropriate on this claim.

### 7. Loss of Income and Mental Anguish Claims

Plaintiff contends that he suffered loss of income and mental anguish, and he requests an award of punitive damages. *See* Compl., at pp. 7-8. Plaintiff states that

> Defendant's [sic] unlawful and wholly false misrepresentation to the Court that a foreclosure had taken place on November 6, 2007, is perjurous [sic] and has damaged plaintiff [sic] reputation, caused him great anxiety and anguish and cost him dearly. At great expense plaintiff was forced to move to Houston, Texas and incurred moving expenses, suffered loss of income and has suffered increased travel costs to continuing [sic] to make a living. Further plaintiff's wife has suffered loss

> of income as well as she had to quit her job as an emergency room nurse
> and has not found subsequent employment in Houston, TX. Defendants
> should not benefit from their perjury and must pay for their actions and
> in addition to these damages [sic] and also seeks punitive damages in
> accordance with Miss Code Ann 11-1-65 and/or 11-7-165, in amount to be
> determined by the Court.

Compl., at pp. 7-8.

It is unclear from the evidence how Homesales' counsel's erroneous statement or typographical error regarding the actual foreclosure sale date could possibly be the cause of Plaintiff's loss of income or mental anguish. As the Court has already noted, there is no private right of action for perjury under Mississippi law. *See, e.g., Knotts by Knotts v. Hassell*, 659 So. 2d 886, 889-90 (Miss. 1995). Plaintiff's Complaint essentially alleges that by erroneously stating that the foreclosure sale occurred on November 6, 2007, as opposed to the actual sale date of June 28, 2007, Defendants somehow damaged his reputation. Defendants have demonstrated that there is no genuine issue as to any material fact on these claims, and that they are entitled to judgment as a matter of law. Plaintiff has not carried his evidentiary or legal burden in rebutting this showing. In sum, the Court is of the opinion that Defendants' Motion for Summary Judgment is well taken, and should be granted.

B.  Other Motions

Chase's Motions for Default Judgment [13-1] and to Strike [15-1], and Plaintiff's Motion to Accept Answer to Counterclaim [18-1], all relate to Plaintiff's default in failing to timely answer Chase's Counterclaim. The Clerk entered a

default as to the Counterclaim on September 30, 2008. *See* Entry of Default [12-1]. Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause...." Fed. R. Civ. P. 55(c). "[E]ntries of default are serious...." *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). The Fifth Circuit has stated that

> federal courts should not be agnostic with respect to the entry of default judgments, which are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984). Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." [*Gen. Tel. Corp. v. Gen. Tel. Answering Service*, 277 F.2d 919, 921 (5th Cir. 1960)].

*Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

A party "is not entitled to a default judgment as a matter of right, even where the [opposing party] is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is left to the sound discretion of the Court. *See Lindsey v. Prive Corporation*, 161 F.3d 886, 893 (5th Cir. 1998). In determining whether entry of a default judgment is warranted in a particular matter, the Court may consider

whether material issues of fact are at issue, whether there has been

substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

In its Counterclaim, Chase seeks judgment against Plaintiff with respect to his default on the HELOC. *See* Chase's Am. Answer and Counterclaim, at p. 9. This Counterclaim is integrally related to Plaintiff's claims against Chase. While Plaintiff did not specifically and timely respond to Chase's Amended Answer and Counterclaim, after a thorough review of the entire record, it is difficult for the Court to say that Plaintiff has failed to "otherwise defend" against Chase's Counterclaim. *See* Fed. R. Civ. P. 55(a); *see also Jordan v. Sony BMG Music*, 2009 WL 185629, *1 (S.D. Tex. Jan. 23, 2009) (holding that default judgment was not appropriate on crossclaim where crossclaim was "intimately intertwined" with plaintiff's claims against cross-defendant, who had vigorously and actively contested plaintiff's claims against it, such that the cross-defendant's failure to file an answer or pleading with respect to the crossclaim did not demonstrate an intent not to contest the claim). Therefore, in its discretion, the Court is of the opinion that the Clerk's Entry of Default should be set aside, that Chase's Motions for Default Judgment and to Strike should be denied, and that Plaintiff's Motion to Accept Answer to Counterclaim should be granted.

The Court does note that Plaintiff made a representation to the Court that he was involved in a three week trial entitled "**_Neighborhood Shipping v._**

> ***A&B Industries of Morgan City***", in Franklin, Louisiana, which did not conclude until the end of September. Plaintiff made opposing counsel aware of plaintiff's trial yet defendant's counsel filed a motion for preliminary default on his counterclaim on or about September 29, 2008, while plaintiff was involved in his trial in Franklin.

Mot. to Accept Answer, at p. 1 (emphasis in original).

Defendants have submitted evidence that this trial actually lasted only three days, rather than three weeks. *See* Resp. to Mot. to Accept Answer, at pp. 2-3; *see also* Extract of Minutes for *Neighborhood Shipping, Inc. v. A&B Industries of Morgan City, Inc.*, attached as Ex. "A" to Defs.' Resp. to Mot. to Accept Answer. Plaintiff has not rebutted this evidence. Plaintiff is admonished to remember his duty of candor to the Court. Plaintiff is an attorney admitted to practice before this Court, and though he is proceeding *pro se* in this case, he remains bound by his obligations as an officer of the Court.

### III. CONCLUSION

For the reasons more fully stated herein, the Court is of the opinion that Defendants' Motion for Summary Judgment [9-1] should be granted, that Chase's Motion for Default Judgment [13-1] and Motion to Strike [15-1] should be denied, and that Plaintiff's Motion to Accept Answer to Counterclaim [18-1] should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Defendants' Motion for Summary Judgment [9-1] should be and hereby is **GRANTED**, and all claims asserted by Plaintiff against Defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, that Chase's Motion for Default Judgment [13-1] and Motion to Strike [15-1] should be and are hereby **DENIED**, and that Plaintiff's Motion to Accept Answer to Counterclaim [18-1] should be and hereby is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Clerk's Entry of Default [12-1] is hereby **SET ASIDE**, and Plaintiff is directed to re-file his Answer to Counterclaim within ten (10) calendar days of the date of this Order.

**SO ORDERED AND ADJUDGED**, this the 3rd day of March, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE