# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW L. PEPPER | § | PLAINTIFF |
| v. | § | Civil No. 1:08CV344-HSO-JMR |
| HOMESALES, INC., and JPMORGAN CHASE BANK | § | DEFENDANTS |
| JPMORGAN CHASE BANK | § | COUNTER-CLAIMANT |
| v. | § | |
| MATTHEW L. PEPPER | § | COUNTER-DEFENDANT |
| HOMESALES, INC. | § | COUNTER-CLAIMANT |
| v. | § | |
| MATTHEW L. PEPPER | § | COUNTER-DEFENDANT |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS HOMESALES, INC.'S COUNTERCLAIM

BEFORE THE COURT is Plaintiff/Counter-Defendant Matthew L. Pepper's ["Pepper"], Motion to Dismiss [29-1], filed on February 24, 2009, which seeks dismissal of Defendant/Counter-Claimant Homesales, Inc.'s ["Homesales"], Counterclaim [28-1], in the above-captioned cause. Homesales filed a Response [36-1] and supporting Memorandum[37-1] on March 13, 2009. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Pepper's Motion to Dismiss [29-1] should be denied.

## I. FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this case are detailed in the Court's Memorandum Opinion and Order [34-1], entered on March 3, 2009, which granted Defendants' Motion for Summary Judgment, denied Defendant JP Morgan Chase Bank's ["Chase"] Motions for Default Judgment and to Strike, and granted Plaintiff's Motion to Accept Answer to Counterclaim. After the Court dismissed Pepper's claims against Defendants, only the respective Counterclaims of Chase and Homesales remain in this action.

Homesales filed its Second Amended Answer, Defenses, and Counterclaim [28-1], on February 6, 2009, after being granted leave to do so by Text Order dated February 4, 2009. Pepper now seeks dismissal of Homesales' Counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss, at p. 1.

## II. DISCUSSION

Pepper requests dismissal of the Counterclaim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Mot. to Dismiss, at p. 1. Homesales responds that its Counterclaim for slander of title should not be dismissed because Pepper's arguments are without merit. Homesales takes the position that Pepper's contentions are merely a restatement of arguments he previously made, which have been effectively disposed of by this Court's March 3, 2009, Memorandum Opinion and Order. *See id.*, at pp. 3-5.

In a diversity case, such as this one, the Court must apply state substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *In re Katrina Canal*

*Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007). The Mississippi Supreme Court has stated that "[s]lander of title 'may consist of . . . conduct which bring[s] or tend[s] to bring in question the right or title of another to particular property.'" *Welford v. Dickerson*, 524 So. 2d 331, 334 (Miss. 1988) (*quoting Walley v. Hunt*, 54 So. 2d 393 (Miss. 1951)). For a statement to support a slander of title claim, it must have been made not only falsely but maliciously. *See id.* (*citing Walley*, 54 So. 2d 393). The Mississippi Supreme Court has explained that "[m]alice exists in the mind and usually is not susceptible of direct proof. The law determines malice by external standards; a process of drawing inferences by applying common knowledge and human experience to a person's statements, acts, and the surrounding circumstances." *Phelps v. Clinkscales*, 247 So. 2d 819, 821 (Miss. 1971).

Federal Rule of Civil Procedure 8(a) provides in relevant part that

[a] pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, Homesales must plead "enough facts to state a claim for relief that is plausible on its face." *See id.* at 1974.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...a plaintiff's obligation to provide the "grounds" of his "'entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....

*Id.* at 1964-65 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The Court is of the opinion that Homesales' Counterclaim meets the threshold for adequately pleading slander of title pursuant to Rules 8(a) and 12(b)(6). Homesales has alleged sufficient facts supporting its claim to survive dismissal at this stage of the proceedings, and therefore Pepper's Motion to Dismiss must be denied.

### III. CONCLUSION

The Court has considered Pepper's Motion to Dismiss Homesales' Counterclaim and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, Pepper's Motion to Dismiss [29-1] should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, Plaintiff/Counter-Defendant Matthew L. Pepper's Motion to Dismiss [29-1], filed on February 24, 2009, pursuant to Federal Rule of Civil Procedure 12(b)(6), should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 2nd day of April, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE